UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                      *Plaintiff*,

-against-

MATTHEW PRITZKER and MATTHEW PRITZKER COMPANY LLC,

                      *Defendants*.

NOTICE OF REMOVAL

Case No.: 24-cv-435

---

Defendant Matthew Pritzker ("Pritzker"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal of the above-entitled action from the Supreme Court of the State of New York, County of New York (the "State Court Action"), to the United States District Court for the Southern District of New York.

## THE STATE COURT ACTION

1. The State Court Action is brought pursuant to New York's Adult Survivors Act by Plaintiff, a citizen of New Jersey, against Pritzker, a citizen of Illinois, and Matthew Pritzker Company LLC ("Pritzker Company LLC"), also a citizen of Illinois. According to the Amended Summons with Notice, Plaintiff seeks judgment "for the sum of Twenty-Five Million Dollars ($25,000,000.00) together with interest, attorneys' fees and costs and disbursements." A copy of the Amended Summons with Notice reflecting the amended caption as *Jane Doe v. Matthew Pritzker and Matthew Pritzker Company LLC* is attached as **Exhibit A**.

2. Plaintiff, a citizen of New Jersey, initiated this action on November 27, 2023 by filing a Summons with Notice under her own name. The case was filed with the New York County Clerk and assigned Index No. 952342/2023. On the same day, Plaintiff sought an Order to Show Cause why she should not be allowed to proceed pseudonymously as "Jane Doe" and to amend

1

the caption accordingly, which the State Court entered on December 4, 2023.[1] A copy of the Order to Show Cause is attached as **Exhibit B**.

3. Pritzker, a citizen of Illinois, was served, by consent through counsel, with the Amended Summons with Notice on December 21, 2023. A copy of the stipulation regarding service of the Amended Summons with Notice is attached as **Exhibit C**.[2]

## BASIS FOR REMOVAL

**I.  The Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

4. Because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, this Court has original subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1). *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

5. Diversity of citizenship exists where a suit is between citizens of different states. 28 U.S.C. § 1332(a)(1). "Generally, '[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]'" *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (quoting *Van Buskirk*, 935 F.3d at 53).

6. Plaintiff resides in Toms River, New Jersey and is therefore a citizen of the State of New Jersey.

7. Defendant Pritzker resides in Chicago, Illinois and is therefore a citizen of the State of Illinois.

---

[1] As of the date of filing this Notice of Removal, the State Court had not entered a final order authorizing Plaintiff to proceed pseudonymously, and Defendants reserve their right to dispute that Plaintiff has established or could establish a basis to do so.

[2] Pursuant to a stipulation among the parties, the deadline for Plaintiff to serve the complaint is currently March 1, 2024. *Doe v. Pritzker*, N.Y. Sup. Ct., Index No. 952342/2023, NYSCEF No. 20.

8. Defendant Pritzker Company LLC, a limited liability company formed under the laws of the State of Illinois with a single member, Matthew Pritzker, consents to removal. A copy of Pritzker Company LLC's consent, confirming the LLC's status, is attached as **Exhibit D**. Because an LLC "takes the citizenship of all its members" for purposes of diversity jurisdiction, Pritzker Company LLC is a citizen of the State of Illinois. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019).

9. The amount in controversy requirement is satisfied. Plaintiff alleges in the Amended Summons with Notice that she is seeking damages in excess of $25 million. *See* Ex. A at 2. There is a rebuttable presumption that the face of the initial pleadings is a "good faith representation" of the "actual amount in controversy." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003).

**II.     Pritzker Has Satisfied the Procedural Requirements for Removal.**

10. This Notice of Removal is being filed within thirty days of December 21, 2023, the day Pritzker was served through counsel with the Amended Summons with Notice, as required under 28 U.S.C. § 1446(b)(1). *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–54 (1999) (formal service required to trigger removal clock); *Hudson Priv. LP v. Creative Wealth Media Fin. Corp.*, 629 F. Supp. 3d 237, 240 (S.D.N.Y. 2022) (noting law in Second Circuit that only formal service of process triggers the commencement of the removal period).

11. Although Plaintiff has not yet filed her complaint, a summons with notice "may constitute an initial pleading for purposes of the federal removal statute" when it "generally provides information from which a defendant can ascertain removability." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 204 (2d Cir. 2001) ("Because the summons with notice generally

provides information from which a defendant can ascertain removability, this document is often consistent with the 1949 Congressional conception of an initial pleading."). Where removal is premised on the existence of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2)).

12. In this case, the Amended Summons with Notice indicates the existence of diversity jurisdiction as it contains information from which it can be gleaned that the action is between citizens of different states and that the amount in controversy is in excess of $75,000. *See Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (noting that there is "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy"); *see also Universal Motors Grp. of Companies Inc. v. Wilkerson*, 674 F. Supp. 1108, 1113 (S.D.N.Y. 1987) (finding that notice and summons which declared the amount in controversy to be "a total of several million dollars" sufficient basis for defendants to ascertain removability of the action).

13. Defendant Pritzker Company LLC was served through its registered agent with the Amended Summons with Notice on December 6, 2023. As the earlier-served defendant, and in accordance with 28 U.S.C. § 1446(b)(2)(C), Defendant Pritzker Company LLC consents to the removal of this action to federal court. *See* Ex. D.

14. Venue is proper in the United States District Court for the Southern District of New York as this action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a). The United States District Court for the Southern District of New York embraces New York County, New York. 28 U.S.C. § 112(b).

15. Defendants reserve all rights, including, but not limited to: defenses and objections as to venue and personal jurisdiction; the right to move for dismissal of the Action for failure to state a claim for relief and failure to sue the appropriate parties; and the right to challenge Plaintiff's ability to proceed pseudonymously. The filing of this Notice of Removal is subject to, and without waiver of, any such rights, defenses, and objections.

16. The following are the names and firms of all counsel of record for each party:

**Attorneys for Plaintiff Jane Doe**

>ABRAMS FENSTERMAN LLP
>Raju Sundaran
>1 MetroTech Center, Suite 1701
>Brooklyn, New York 11201
>Tel: (718) 215-5300
>rsundaran@abramslaw.com

>LAW OFFICE OF RAFAEL E. MUNIZ, PLLC
>Rafael Muniz
>2 Overhill Road, Suite 400
>Scarsdale, New York 10583-5316
>Tel: (914) 220-5499
>rafael.munizesq@gmail.com

**Attorneys for Defendants Matthew Pritzker and Matthew Pritzker Company LLC**

>SHER TREMONTE LLP
>Theresa Trzaskoma
>Justine A. Harris
>90 Broad Street, 23rd Floor
>New York, NY 10004
>Tel: (212) 202-2600
>ttrzaskoma@shertremonte.com
>jharris@shertremonte.com

WHEREFORE, Pritzker prays that the Court take jurisdiction of this action to the exclusion of any further proceedings in the Supreme Court of the State of New York.

DATED:   New York, New York
         January 19, 2024

                                        SHER TREMONTE LLP

                                        By: */s/ Theresa Trzaskoma*
                                            Theresa Trzaskoma
                                            Justine A. Harris
                                            90 Broad Street, 23rd Floor
                                            New York, NY 10004
                                            Tel: (212) 202-2600
                                            ttrzaskoma@shertremonte.com
                                            jharris@shertremonte.com